```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
                                    :
EDUCATIONAL CREDIT MANAGEMENT
CORPORATION                         :

    v.                              :  Civil Action No. DKC 11-1076

                                    :
OPTIMUM WELDING
                                    :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case is a motion for default judgment filed by Plaintiff Educational Credit Management Corporation ("ECMC"). (ECF No. 7). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion will be denied.

**I. Background**

The Federal Family Education Loan Program ("FFELP") was established by the Higher Education Act, 20 U.S.C. §§ 1071 *et seq.*, and is administered by the Department of Education ("DOE"). *See U.S. ex rel. Jones v. Collegiate Funding Services, Inc.*, No. 11-1103, 2012 WL 835747, at *1 (4th Cir. Mar. 14, 2012). Under the FFELP, the DOE "pays claims submitted by eligible private lenders for interest-rate subsidies and special allowances granted on behalf of student borrowers." *Id.* (citing 20 U.S.C. §§ 1078(a)(1), 1087-1; 34 C.F.R. §§ 682.300, .302).

The DOE "also reduces private lenders' risk of loan defaults by entering into guaranty agreements with [g]uaranty [a]gencies [which], in turn, insure [l]enders against their potential default losses on student loans." *Id.* (quoting *U.S. ex rel. Vigil v. Nelnet, Inc.*, 639 F.3d 791, 795 (8th Cir. 2011) (citing 20 U.S.C. §§ 1078(b)-(c), 1080; 34 C.F.R. § 682.100(b)(1)). If a borrower defaults, the guaranty agency reimburses the holder of the loan; is itself reimbursed by the Secretary of Education under a reimbursement agreement; and is then authorized to collect on the defaulted loan from the borrower. *See Mohammed v. New York State Higher Educ. Services Corp.*, No. 08-CV-4943 (JG)(LB), 2009 WL 1514635, at *1 (E.D.N.Y. June 1, 2009).

"As a mechanism for pursuing collection activity, guaranty agencies have authority to administratively issue orders to employers of defaulted borrowers requiring them to withhold up to fifteen percent (15%) of the disposable income of these borrowers." *Texas Guaranteed Student Loan Corp. v. Dhindsa*, No. 1:10-cv-00335-LJO-SKO, 2011 WL 320423, at *1 (E.D.Cal. Jan. 28, 2011).[1] After providing notice to the borrower of the agency's intent to withhold and an opportunity to be heard, the guaranty agency may serve upon the borrower's employer a wage withholding

---

[1] Pursuant to 20 U.S.C. § 1095a(e), "disposable pay" is defined as "that part of the compensation of any individual from an employer remaining after the deduction of any amounts required by law to be withheld.

order in attempt to garnish wages.  20 U.S.C. § 1095a(a)(6). Pursuant to the regulations implementing § 1095a, "[t]he guaranty agency shall sue any employer for any amount that the employer, after receipt of the garnishment notice[,] . . . fails to withhold from wages owed and payable to an employee under the employer's normal pay and disbursement cycle."  34 C.F.R. § 682.410(b)(9)(i)(F).

Plaintiff ECMC is a guaranty agency under the FFELP.  (ECF No. 1 ¶ 8).  On March 29, 2010, it served Howard Powell, a defaulting borrower, with a notice prior to administrative garnishment.  (*Id*. at ¶ 11; Ex. A).  When Mr. Powell did not request a hearing within the time provided by 20 U.S.C. § 1095a(b), ECMC served a withholding order on Defendant Optimum Welding, his purported employer, on May 7, 2010, requiring that fifteen percent of the borrower's disposable pay be withheld and remitted to ECMC.  (*Id*. at ¶ 12; Ex. B).  Upon receiving no response, ECMC sent a second notice to Defendant on July 16, 2010, requesting compliance with the withholding order.  (*Id*. at ¶ 13; Ex. C).  That was followed, on January 19, 2011, by a final demand letter.  (*Id*. at ¶ 14; Ex. D).

When Defendant failed to respond to each of these inquiries, ECMC commenced the instant action on April 26, 2011, seeking enforcement of the withholding order.  (ECF No. 1). Following several months with no activity in the case, ECMC

filed, on August 1, 2011, a return of service demonstrating that service of process was effected through the Maryland State Department of Assessments and Taxation ("SDAT") on July 5, 2011. (ECF No. 5).  Upon direction of the court, ECMC filed the pending motions for entry of default and default judgment on September 28, 2011.  (ECF Nos. 7, 8).  After ECMC demonstrated through supplemental briefing that service upon the SDAT was proper, the clerk entered default on October 26, 2011.  (ECF No. 13).  Defendant has taken no action in this case.

## II. Standard of Review

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2).  A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md.

2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive, *see S.E.C. v. Lawbaugh*, 359 F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not." *Lawbaugh*, 359 F.Supp.2d at 422. Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2nd Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981)). While

the court may hold a hearing to consider evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

**III. Analysis**

Taking as true the allegations of the complaint, ECMC has established compliance with the procedures set forth in 20 U.S.C. § 1095a(a). There is a deficiency of proof, however, with regard to the borrower's employment status. In the complaint, ECMC alleges, "upon information and belief," that the borrower is an employee and "receives wages from the Defendant." (ECF No. 1 ¶ 10). Similarly, in the affidavit supporting the motion for default judgment, Becca Riedell, a legal assistant for ECMC, asserts, "[u]pon information and belief, Defendant is the employer of Howard Powell[,] . . . who owes a student loan debt to ECMC that is in default." (ECF No. 7-2 ¶ 4). As Judge Hollander recently explained, "[a]n allegation made 'on information and belief' does 'not serve as a reliable foundation

6

upon which to predicate a final judgment.'" *Baltimore Line Handling Co. v. Brophy*, 771 F.Supp.2d 531, 543 (D.Md. 2011) (quoting *Oceanic Trading Corp. v. Vessel Diana*, 423 F.2d 1, 4-5 (2d Cir. 1970)); *see also Malina v. Baltimore Gas & Elec. Co.*, 18 F.Supp.2d 596, 604 n. 4 (D.Md. 1998) (affidavits based upon information and belief are insufficient to support or oppose summary judgment). While the record suggests that Defendant is the borrower's employer, and thus was required to comply with the wage withholding order, it does not contain a definitive statement in this regard. Absent such, a default judgment may not be entered.

Even assuming the sufficiency of the allegations as to liability, however, ECMC has not shown entitlement to the requested damages. At most, it would be entitled to an award of fifteen percent of Mr. Powell's disposable pay from May 7, 2010, the date the withholding order was served, going forward. Due largely to Defendant's failure to participate in the case, the record does not permit calculation of the amount due. Under these circumstances, ECMC suggests that the court should either (1) award damages in the full amount due on the defaulted loan – $27,003.33, according to the affidavit attached to the motion for default judgment (ECF No. 7-2 ¶ 5) – or (2) award fifteen percent of the federally-mandated minimum wage for a forty-hour workweek, which it calculates, from May 7, 2010, to September

23, 2011, as totaling $4,175.50 (*id*. at ¶¶ 14-16). It further seeks an award of attorneys' fees in the amount of $5,750.00 and $767.50 as costs.

Only a handful of courts have engaged in substantive analyses of cases in a similar procedural posture. Two of those courts have ultimately awarded the full amount of the loan, albeit based on more-developed records than that which is presented here. In *Texas Guaranteed Loan Corp. v. Gentle Touch Chiropractic Clinic, LLC*, Civ. No. 07-cv-01182, 2007 WL 4442378 (D.Colo. Dec. 14, 2007), the plaintiff guaranty agency moved for partial default judgment against the employer as to its request for an injunction, requiring the defendant to comply with a wage withholding order, and additionally sought an order requiring the defendant to respond to post-judgment discovery to determine the amount due in actual damages. As in the instant case, the plaintiff there was "not able to quantify precisely the amount owed . . . because only the defendant and [the borrower] kn[e]w the amount of [the borrower's] disposable pay, and there [was] no other reliable source from which the plaintiff [could] obtain that information." *Id*. at *2. The court granted the partial motion for default judgment, ordering the employer to "deduct from the wages of [the borrower] fifteen percent (15%) of [the borrower's] "disposable pay" . . . for each pay period beginning with the first pay period that occurs after the entry of this

order," and further concluded that "additional discovery should be conducted under pre-judgment discovery procedures of the Federal Rules of Civil Procedure, since that discovery is necessary to resolve aspects of the claims pending in this case that will not be resolved in this order." *Id*.  Thereafter, the plaintiff served the defendant with interrogatories and the defendant failed to respond.  *Texas Guaranteed Student Loan Corp. v. Gentle Touch Chiropractic Clinic, LLC*, Civ. No. 07-cv-01182, 2009 WL 2588757, at *1 (D.Colo. Aug. 19, 2009).  The court then entered a final default judgment in the full amount of the loan, plus attorneys' fees and costs, pursuant to Fed.R.Civ.P. 37(b)(2)(A)(vi), which authorizes the entry of default judgment as a sanction for a discovery violation, as well as Fed.R.Civ.P. 55(b)(2), the standard default judgment provision.  *Id*.

Similarly, in *Dhindsa*, after default was entered against the employer, the guaranty agency moved for early discovery in order "to ascertain how much money should have been withheld from [the borrower's] pay pursuant to the Wage Withholding Order."  *Dhindsa*, 2011 WL 320423, at *2.  The court granted that motion and the plaintiff served a request for production of documents.  When the employer did not respond, the court granted a motion to compel discovery, further ordering the employer to show cause why it should not be required to pay associated fees

9

order," and further concluded that "additional discovery should be conducted under pre-judgment discovery procedures of the Federal Rules of Civil Procedure, since that discovery is necessary to resolve aspects of the claims pending in this case that will not be resolved in this order." *Id*.  Thereafter, the plaintiff served the defendant with interrogatories and the defendant failed to respond.  *Texas Guaranteed Student Loan Corp. v. Gentle Touch Chiropractic Clinic, LLC*, Civ. No. 07-cv-01182, 2009 WL 2588757, at *1 (D.Colo. Aug. 19, 2009).  The court then entered a final default judgment in the full amount of the loan, plus attorneys' fees and costs, pursuant to Fed.R.Civ.P. 37(b)(2)(A)(vi), which authorizes the entry of default judgment as a sanction for a discovery violation, as well as Fed.R.Civ.P. 55(b)(2), the standard default judgment provision.  *Id*.

Similarly, in *Dhindsa*, after default was entered against the employer, the guaranty agency moved for early discovery in order "to ascertain how much money should have been withheld from [the borrower's] pay pursuant to the Wage Withholding Order."  *Dhindsa*, 2011 WL 320423, at *2.  The court granted that motion and the plaintiff served a request for production of documents.  When the employer did not respond, the court granted a motion to compel discovery, further ordering the employer to show cause why it should not be required to pay associated fees

and costs. When the employer again failed to respond, a hearing was held and the plaintiff's counsel was permitted to file supplemental declarations attesting to the amount of the loan balance and attorney's fees and costs, supported by billing records. Thereafter, the court issued an order requiring the employer "to show cause why a judgment should not be issued, pursuant to Federal Rules of Civil Procedure 55 and 37, in favor of Plaintiff" in the total loan amount, plus properly supported fees and costs, "due to [the employer's] refusal to comply with the Court's order to furnish Plaintiff with information regarding [the borrower's] terms of employment and wages pursuant to discovery requests." *Id*. at *3.

When there was no response to the show cause order, the court entered judgment, reasoning as follows:

> [I]f a guaranty agency's difficulty in establishing the amount of its damages under a Wage Withholding Order is caused by an employer's (1) intentionally withholding information regarding an employee's wages, (2) refusing to garnish wages pursuant to a Wage Withholding Order, (3) failing to participate in litigation regarding the Wage Withholding Order, and (4) ignoring multiple court orders compelling the production of documents and orders to show cause for failing to produce documents, the private right of action of a guaranty agency against a borrower's employer provided by Congress is potentially subverted.
>
> At least one district court, faced with a strikingly similar motion for default judgment where information regarding damages

> under a Wage Withholding order was unknown, entered a default judgment in the full amount of the student loan pursuant to Federal Rules 55(b)(2) and 37(b)(2)(A)(vi). *See Tex. Guaranteed Student Loan Corp. v. Gentle Touch Chiropractic Clinic, LLC*, No. 07-cv-1187, 2009 WL 2588757, at *2 (D.Colo. Aug. 19, 2009). The Court finds this approach is warranted here.

*Dhindsa*, 2011 WL 320423, at *6.

Here, the employer has not been put on notice that it might be responsible for the full amount of the defaulted loan. As noted previously, the complaint seeks actual damages in the amount of fifteen percent of the borrower's disposable pay, and the amount that may be awarded by a default judgment is circumscribed by the amount requested in the complaint. *See In re Genesys Data Technologies, Inc.*, 204 F.3d at 132.[2] Moreover, ECMC has not requested discovery to determine the amount of actual damages, as did the plaintiffs in *Gentle Touch* and *Dhindsa*; thus, Rule 37(b) provides no basis for an award of the entire loan amount. While ECMC's alternative request for an award of fifteen percent of the federally-mandated minimum wage

---

[2] ECMC also suggests that the entire loan amount may be awarded as punitive damages, pursuant to 20 U.S.C. § 1095a(a)(6). Punitive damages, however, "should only be awarded if the defendant's culpability, after having paid compensatory damages, is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence." *Educational Credit Mgmt. Corp. v. Central Equipment Co.*, 477 F.Supp.2d 788, 796 (E.D.Ky. 2007) (quoting *State Farm Mutual Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 419 (2003)). Plaintiff has made no such showing here.

11

is creative, the record does not support that the borrower works for Defendant on a full-time basis, as this approach would assume. Thus, in addition to a deficiency of proof as to liability, the current record provides no basis for determining the amount of damages. *See United Student Aid Funds, Inc. v. Ramon's Precision Service, Inc.*, No. Civ.A. SA05CA0717XR, 2005 WL 3447738, at *3 (W.D.Tex. Dec. 12, 2005) ("Because Plaintiff has produced no evidence establishing [the borrower's] disposable pay during the relevant time period or the amount of pay Defendant failed to withhold, default judgment is not proper at this time.").[3] Accordingly, the motion for default judgment will be denied without prejudice to renewal.

**III. Conclusion**

For the foregoing reasons, the motion for default judgment filed by Plaintiff ECMC will be denied without prejudice to renewal. A separate order will follow.

```
          _____/s/_____
          DEBORAH K. CHASANOW
          United States District Judge
```

---

[3] ECMC has additionally provided no basis for an award of attorneys' fees or costs. Indeed, counsel asserts in her affidavit that Plaintiff "will submit a supplemental affidavit detailing these fees and costs at the default judgment hearing or at the request of the Court." (ECF No. 7-3 ¶ 4). The court will consider ECMC's request in this regard upon submission of a properly supported fee petition and bill of costs.